1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HILLARY ANN BECKNELL,

                Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

3:17-cv-00279-HDM-VPC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for remand (ECF No. 12), defendant's cross-motion to affirm (ECF No. 13), and plaintiff's reply (ECF No. 15).  For the reasons set forth herein, the court recommends that defendants' cross motion (ECF No. 13) be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2013, Hillary Ann Becknell ("plaintiff") protectively filed for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act, alleging a disability onset date of April 9, 2012.  (Administrative Record ("AR") 179–182.)  Plaintiff also filed an application for Supplemental Security Income ("SSI") disability payments under Title XVI of the act on August 15, 2013.  (*Id.* at 183–187.)  The Social Security Administration initially denied plaintiff's application on February 25, 2014, and upon reconsideration on July 10, 2014.  (*Id.* at 46–69, 70–93.)

On September 1, 2015, plaintiff and her attorney appeared at a hearing before Administrative Law Judge ("ALJ") Eileen Burlison.  (*Id.* at 24–45.)  Stephen Davis, a vocational expert ("VE"), also appeared at the hearing.  (*Id.*)  The ALJ issued a written decision on October 27, 2015, finding that plaintiff had not been disabled at any time between the alleged onset date and the date of the decision.  (*Id.*)  Plaintiff appealed, and the Appeals Council denied review on

1    March 31, 2017.  (*Id.* at 1–5.)  Accordingly, the ALJ's decision became the final decision of the

2    Commissioner ("defendant").

3        Having exhausted all administrative remedies, plaintiff filed a complaint for judicial

4    review on May 2, 2017.  (ECF No. 1.)  In her motion for remand, plaintiff contends that the

5    ALJ's step-two determination that plaintiff's mental impairments were non-severe lacked the

6    support of substantial evidence.  Plaintiff also argues that the ALJ erred by failing to consider

7    plaintiff's chronic abdominal pain.  (ECF No. 12.)   Defendant filed a cross-motion to affirm

8    (ECF No. 13), and plaintiff replied (ECF No. 15.)  This report and recommendation follows.

9                        **II.    STANDARD OF REVIEW**

10        The initial burden of proof to establish disability in a claim for SSDI benefits rests upon

11    the claimant.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To satisfy this burden, the

12    claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of

13    any medically determinable physical or mental impairment which can be expected . . . to last for a

14    continuous period of not less than 12 months . . .."  42 U.S.C. § 423(d)(1)(A).

15        This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after

16    the claimant has exhausted all administrative remedies.  *See Brewes v. Comm'r of Soc. Sec.*

17    *Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012).  The court must affirm the ALJ's decision

18    unless it rests on legal error or is unsupported by substantial evidence in the administrative

19    record.  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g)

20    ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

21    evidence, shall be conclusive.").  The substantial evidence standard is not onerous.  It is "more

22    than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

23    mind might accept as adequate to support a conclusion."  *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th

24    Cir. 2012) (internal quotation omitted).

25        Although the ALJ need not discuss every piece of evidence in the record, she cannot

26    ignore or omit evidence that is significant or probative.  *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th

27    Cir. 2012).  The ALJ's discussion must adequately explain the decision in light of such evidence.

28    "The ALJ, not the district court, is required to provide specific reasons for rejecting [the

1   evidence.]"  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically

2   discussing rejection of lay testimony).  The district court's review is thus constrained to the

3   reasons asserted by the ALJ.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

4        To determine whether substantial evidence exists, the court must look at the record as a

5   whole, considering both evidence that supports and undermines the ALJ's decision; it "may not

6   affirm simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc. Sec.*

7   *Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted).  Where "the evidence is

8   susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."

9   *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted).  The ALJ alone is

10  responsible for determining credibility and resolving ambiguities.  *Garrison*, 759 F.3d at 1010.

11                          **III.    DISCUSSION**

12  **A.    SSDI claims are evaluated under a five-step sequential process.**

13        The Commissioner follows a five-step sequential process for determining whether a

14  claimant is "disabled" for the purposes of SSDI and SSI.  20 C.F.R. §§ 404.1520(a)(4), 414.920;

15  *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one directs the ALJ to determine

16  whether the claimant is engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).

17  If so, the claimant is not disabled and the Commissioner denies the claim.  *Id.* § 404.1520(b).

18        The second step requires the ALJ to determine whether the claimant's medically

19  determinable impairment is "severe."  *Id.* § 404.1520(a)(4)(ii).  "Severe" impairments are those

20  that significantly limit the claimant's physical or mental ability to do basic work activities.  *Id.* §

21  404.1520(c).  Step two is "a *de minimis* screening device [used] to dispose of groundless claims,"

22  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996), and an ALJ may find that a claimant lacks a

23  medically severe impairment or combination of impairments only when his conclusion is "clearly

24  established by medical evidence."  SSR 85-28, 1985 WL 56856 at *3 (Jan 1. 1985).  The

25  Commissioner will deny the claim if the claimant lacks a severe impairment or combination of

26  impairments.  *Id.*

27        At step three, the claimant's impairment is compared to the impairments listed in the

28  Agency's regulations.  *Id*. § 404.1520(a)(4)(iii); *see also id*. Pt. 404, Subpt. P, App. 1 ("List of

3

1   Impairments"). The List of Impairments "define[s] impairments that would prevent an adult,

2   regardless of his age, education, or work experience, from performing *any* gainful activity, not

3   just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation

4   omitted). Where the claimant's impairment is on the list, or is equivalent to a listed impairment,

5   and the claimant also meets the corresponding durational requirement, the claimant is deemed

6   disabled. 20 C.F.R. § 404.1520(d). However, for an impairment to match a listing, "it must meet

7   *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no

8   matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis in original).

9       If the Commissioner does not find disability at step three, review of the claim proceeds to

10  step four. There, the ALJ considers whether the claimant can perform past relevant work despite

11  the severe impairment. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. *Id*. §

12  404.1520(e). The ALJ will find that the claimant can return to past relevant work if he or she can

13  perform the "actual functional demands and job duties of a particular past relevant job" or the

14  "functional demands and job duties of the [past] occupation as generally required by employers

15  throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001)

16  (internal quotation omitted).

17      In making the step four determination, the ALJ considers the claimant's RFC and the

18  physical and mental demands of the work previously performed. 20 C.F.R. § 404.1520(f); *see*

19  *also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The RFC is the most the claimant can

20  still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). In evaluating the claimant's

21  RFC, the ALJ must assess all of the evidence, including medical reports and descriptions by the

22  claimant and others of the claimant's relevant limitations. *See id*. § 404.1545(a)(3).

23      The ALJ is not, however, required to accept as true every allegation the claimant offers

24  regarding his or her limitations. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). The ALJ must

25  follow a two-step inquiry where the claimant alleges subjective pain or symptoms. *Lingenfelter*

26  *v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July

27  2, 1996). First, the ALJ determines "whether the claimant has presented objective medical

28  evidence of an underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted).  Second, where the first test is met and no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so. *Id.*

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  The ALJ must therefore cite to the record and discuss specific evidence therein.  *See Vasquez v. Astrue*, 572 F.3d 586, 591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  "[S]imply reciting the medical evidence in support of his or her [RFC] determination" will not suffice. *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015).  The focus, however, is ultimately upon the reviewing court.  The credibility determination must be "'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'"  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)).

Permissible bases for finding the claimant not credible include conflicts between the allegations and the claimant's daily activities, *Orn*, 495 F.3d at 636, an "unexplained or inadequately explained failure to seek treatment," *Molina*, 674 F.3d at 1112, and a lack of objective medical evidence, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain [and limitations] testimony, it is a factor that the ALJ can consider in his [or her] credibility analysis.").  Medical opinions are also probative evidence when weighing the credibility of subjective complaints.  20 C.F.R. § 404.1529(c) (describing factors relevant to credibility); *see also Rollins*, 261 F.3d at 857 (noting that the ALJ appropriately considered medical opinions contradicting claimant's pain testimony in assessing claimant's credibility).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs

available in the national economy.  20 C.F.R. § 404.1560(c).  There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work.  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).  The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a vocational expert.  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  Where the grids do not direct a finding of disability, the ALJ must identify other occupations that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States.  42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c).  If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, he or she is not disabled.  20 C.F.R. § 404.1566.  Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits.  *Id*. § 404.1520(g).

**B.    The ALJ followed the five-step process and concluded that plaintiff's impairments were not severe.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above.  The ALJ first determined that plaintiff had not engaged in substantial gainful activity since April 9, 2012, the alleged onset date.  (AR 11.)  At step two, the ALJ found that plaintiff suffered from the following medically determinable impairments: post-traumatic stress disorder ("PTSD"), anxiety disorder, and panic attacks.  (*Id.*)  However, the ALJ found that plaintiff's impairments were not severe, either individually or in the aggregate, as they did not significantly limit plaintiff's ability to perform basic work-related activities for twelve consecutive months.  (*Id.* at 11–17.)  Because plaintiff did not have a severe impairment or combination of impairments, the ALJ determined that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act.  20 C.F.R. §§ 416.1520(c), 920(c).  Thus, the ALJ denied plaintiff's claims for SSDI and SSI benefits at step two of the sequential process.  (*Id.* at 18.)

1   **C.     The ALJ properly evaluated the severity of plaintiff's mental and physical**

2   **impairments.**

3   Plaintiff argues that the ALJ erred in finding that plaintiff did not have a medically severe

4   impairment, or combination of impairments, on three grounds: (1) The ALJ erred when she

5   determined that the objective medical evidence does not support a finding that plaintiff's mental

6   impairments were severe; (2) The ALJ impermissibly discounted plaintiff's testimony regarding

7   the pain, persistence, and limiting effects of her mental impairments; and, (3) The ALJ wholly

8   failed to consider plaintiff's abdominal issues.  (ECF No. 12 at 10, 17.)  Plaintiff's arguments are

9   discussed in turn.

10  **1.   Substantial evidence supports the ALJ's assessment of the objective medical**

11  **evidence.**

12  The court rejects plaintiff's objection to the ALJ's assessment of the objective evidence

13  because the ALJ properly applied the psychiatric review technique and based her conclusion upon

14  the medical findings and opinions of the consultative examiner ("CE") and the Psychological

15  Consultant ("PC").  Pursuant to 20 C.F.R. § 404.1520a, ALJs use a special psychiatric review

16  technique to evaluate the severity of a claimant's mental impairments.  The technique requires the

17  ALJ to rate the degree of the claimant's functional limitation in four areas: (1) activities of daily

18  living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of

19  decompensation.  20 C.F.R. § 404.1520a(c)(3).  If, applying the psychiatric review technique, the

20  ALJ rates a claimant's degree of limitation as "none" or "mild" in the first three areas, and "none"

21  in the fourth area, the ALJ will find that the claimant's mental impairment is not severe.   20

22  C.F.R. § 404.1520a(d)(1).   Significant limitations in these four areas must result from

23  "anatomical, physiological, or psychological abnormalities which are demonstrable by medically

24  acceptable clinical and laboratory techniques."   42 U.S.C. § 423(d)(3).   Diagnoses and

25  observations of professional psychologists and psychiatrists are considered medically acceptable

26  clinical and laboratory data. *See Poulin v. Bowen*, 817 F.2d 865, 873–74 (D.C. Cir. 1987);

27  *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (per curiam).

28

Here, the ALJ made explicit findings as to the four functional areas identified in § 404.1520a and concluded that "the evidence of record does not demonstrate the claimant's symptoms exist at the level of severity alleged by the claimant." (*Id.* at 18.)  In reaching her conclusion, she found that plaintiff had no more than mild restrictions in activities of daily living; had no more than mild difficulties with social functioning; had no more than mild difficulties with concentration, persistence, or pace; and had not experienced any episodes of decompensation of extended duration.  (*Id*. at 16.)  The ALJ properly based her determination on the CE's psychological evaluation of plaintiff's limitations.  The CE found that plaintiff had only mild limitation in the first three functional areas and had no extended episodes of decompensation, and the CE ultimately opined that plaintiff did not suffer a severe mental impairment.  *Tonapetyan*, 242 F.3d at 1149 (holding that CE's opinion "constitutes substantial evidence, because it rests on his own independent examination" of claimant).  The ALJ also supported her findings by reference to the opinions of the state agency medical consultants, who found that although plaintiff suffered from medically determinable impairments, none was severe. (AR 89); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (findings of a non-treating, non-examining physician can amount to substantial evidence when supported by other evidence in the record, such as findings of examining physicians).  Finally, the ALJ properly discounted plaintiff's pain testimony, as discussed below, and properly discounted the opinions of both plaintiff's mother and plaintiff's Licensed Clinical Social Worker because neither are fully supported by acceptable medical evidence.  *See* SSR 06-03p (effective for claims filed before March 27, 2017).  Thus, the ALJ provided substantial evidence for her determination that plaintiff's mental impairments were not severe.  *Hoopai v. Astrue*, 499 F.3d 1071, 1078 (9th Cir. 2007).

**2.  The ALJ did not err in discounting plaintiff's subjective testimony.**

Plaintiff contends that the ALJ was required to articulate clear and convincing reasons for discounting plaintiff's testimony, but failed to do so.  (ECF No. 12 at 10-14.)  The ALJ articulated two main reasons for her adverse credibility finding of plaintiff: (1) plaintiff's reported daily activities are inconsistent with her alleged limitations; and, (2) objective medical evidence in the

1   record did not support plaintiff's testimony as to the severity of her symptoms.  (*See* AR 39–41).

2   The court considers each in turn.

3       First, plaintiff's daily activities are a clear and convincing reason to find plaintiff less

4   credible.  ALJs must "be especially cautious in concluding that daily activities are inconsistent

5   with testimony about pain, because impairments that would unquestionably preclude work and all

6   the pressures of a workplace environment will often be consistent with doing more than merely

7   resting in bed all day."  *Garrison*, 759 F.3d at 1016.  Still, a claimant's daily activities may

8   support an adverse credibility finding where the activities are inconsistent with the claimant's

9   testimony of his or her disabling symptoms.  *Orn*, 495 F.3d at 639.

10      Plaintiff reported and testified that she can perform self-care, perform some household

11  chores, prepare meals, drive, travel, care for her boyfriend and her children when they visit, and

12  socialize with family.  (AR 13–14); *see Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th

13  Cir. 1999) (claimant's ability to "occasionally care for his friend's child served as evidence of

14  [claimant's] ability to do work").  In contrast, plaintiff alleges that she is unable to work due to

15  the intensity, persistence and limiting effects of her PTSD, anxiety disorder, and panic attacks.

16  (AR 14, 36.)  The ALJ properly found that plaintiff's "reported activities demonstrate the [she] is

17  more capable than alleged," and thus, that her testimony may not be entirely accurate.  (AR 14);

18  *Orn*, 495 F.3d at 636 (conflicts between allegations and plaintiff's activities is a clear and

19  convincing reason to find plaintiff not fully credible).  Plaintiff maintains that her daily activities

20  are consistent with the alleged severity of her mental impairments, but, at best, the evidence here

21  is susceptible to more than one rational interpretation. The court must uphold the ALJ's

22  credibility finding. *Lewis*, 498 F.3d at 911.

23      Second, the ALJ's citation to the lack of strong support provided by the objective medical

24  evidence is a "clear and convincing" reason for discrediting plaintiff's testimony.  Based on the

25  totality of the medical evidence, the ALJ concluded that the evidence provided an insufficient

26  basis to find that plaintiff's mental impairments were as severe as she alleged.  The ALJ's

27  determination relied on the clinical findings and medical opinion of the CE, who performed a

28  mental status examination on plaintiff and reviewed her medical records.  The ALJ also noted the

opinion of the state agency PCs.  Both the CE and the PCs opined that although plaintiff suffered from medically determinable impairments, none was severe.  (AR 14–17); *Rollins*, 261 F.3d at 857 (noting that an ALJ may consider medical opinions contradicting claimant's pain testimony when assessing claimant's credibility).  Although a lack of objective medical evidence cannot be the sole basis for discounting credibility, the ALJ properly considered it alongside plaintiff's reported daily activities.  *Burch*, 400 F.3d at 681.

Plaintiff briefly argues that the ALJ impermissibly relied on medical progress notes to find that plaintiff received counseling services for her mental impairments prior to her sexual assault. (ECF No. 12 at 13; AR 14.)  Plaintiff contends that the ALJ was required to procure the counseling records directly rather than rely on the "third-hand statements" found in the progress notes.  (*Id.*)  Although the ALJ in a Social Security case "has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," *Tonapetyan*, 242 F.3d at 1150, this duty is only triggered where the medical evidence is ambiguous or "insufficient to allow for proper evaluation of the evidence."  20 C.F.R. § 416.913(e).  The ALJ can satisfy this duty by ordering a "consultative examination to secure needed medical evidence the file does not contain."  20 C.F.R. § 416.919(a)(2).

The ALJ was not required to obtain plaintiff's counseling records because the evidence was neither ambiguous nor insufficient for her purposes.  The ALJ cited to the progress notes as evidence that plaintiff received treatment for anxiety, depression, and PTSD from January 2009 to March 2013.  From this, the ALJ concluded that plaintiff's mental impairments antedated both her sexual assault, which occurred in January 2012, and her disability onset date, which she claims to be April 2012.  (AR 14.)  Plaintiff argues that the ALJ made "unfounded conclusions" about the contents of plaintiff's counseling records, but the progress notes support the ALJ's proposition almost word for word.  (AR 773) ("Client received counseling at Kaiser Salem from 1/2009 to 2/2013 for anxiety, depression, and PTSD.")  Even if the ALJ had a duty develop the record, it was discharged when the ALJ ordered a consultative psychological examination to fully assess the severity of plaintiff's mental impairments.

**3. The ALJ addressed plaintiff's abdominal issues.**

Plaintiff also contends that the ALJ's step-two findings are inadequate because the ALJ "entirely fail[ed] to consider plaintiff's well-documented chronic abdominal pain." (ECF No. 12 at 17.) However, the ALJ addressed, and subsequently rejected, the opinion of the state medical examiner, Dr. Navdeep S. Dhaliwal, M.D., that plaintiff's prior abdominal surgeries indicated physical limitations. (AR 17; *see* AR 66.) The ALJ supported her determination by referencing the medical opinion provided by state medical examiner Dr. Jon Arnow, M.D., at the reconsideration level, which noted plaintiff's abdominal pain but found that plaintiff's "allegations of physical limitations are not supported by objective physical signs or laboratory findings." (AR 77.) While the ALJ did not directly mention plaintiff's medical history of abdominal pain, her weighting of Dr. Dhaliwal and Dr. Arnow's medical opinions necessarily implies that she contemplated plaintiff's abdominal issues. Thus, plaintiff's challenge on this basis is without merit.

## IV. CONCLUSION

The court concludes that substantial evidence in the record supported the ALJ's determination that plaintiff's PTSD, anxiety disorder, and panic attacks did not constitute severe impairments under step two. In making this determination, the ALJ gave specific, clear and convincing reasons for partially discounting plaintiff's subjective symptom testimony. The court recommends that defendant's cross-motion for summary judgment be granted.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

# V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand (ECF No. 12) be **DENIED** and defendant's cross-motion for summary judgment (ECF No. 13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED:**  February 14, 2018.

**UNITED STATES MAGISTRATE JUDGE**